IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANICE C. BURRELL, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| vs. | )   CIVIL ACTION 09-00325-KD-B |
| | ) |
| INFIRMARY WEST, | ) |
| | ) |
|    Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Infirmary West's Motion to Dismiss or Alternative Motion for a More Definite Statement and Supporting Memorandum. (Docs. 8, 9). Defendant's Motion and supporting Brief have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Based upon a careful review of Defendant's Motion and Memorandum, Plaintiff's Objection, brief and Amended Complaint (Docs. 16, 17, 18) and the pleadings on file, the undersigned recommends that Plaintiff's Amended Complaint be allowed, that Defendant's Motion to Dismiss be granted in part, and denied in part, and that Plaintiff's claims alleging violations under Title 18 U.S.C. §§ 241 and 242, Title 42 U.S.C. § 1985(2) and (3), and the First, Fifth, and Fourteenth Amendments be dismissed.

I. **Background**

Plaintiff Janice C. Burrell, proceeding *pro se*, filed the instant action against Infirmary West on June 8, 2009, alleging employment discrimination, improper dismissal, and unfair treatment in employment under "Title 18, 241, 242, 5th and 14th Amendments,

Article 1, Section 10." (Doc. 1).  Along with her Complaint, Plaintiff filed a document entitled "Statement of Facts," which includes various factual allegations. (Doc. 1).  According to Plaintiff, her boss, Mr. Gary Bartlett, subjected her to disparate treatment because of her race. She also alleges that Mr. Bartlett was upset because he felt she took too much time off of work after she sought to take vacation following six weeks of FMLA leave, and that he deprived her of her right to seek benefits under COBRA. (Doc. 1).

In seeking the dismissal of Plaintiff's Complaint, Defendant argues that Plaintiff's reliance on 18 U.S. C. §§ 241 and 242 is improper because these are criminal statutes which do not provide a private civil right of action.  Defendant further asserts that Plaintiff's claims under the Fifth and Fourteenth Amendment fail to state a cause of action because Plaintiff has not alleged that any of the conduct of which she complains involved "state action."  In addition, Defendant asserts that while Plaintiff references EEOC, COBRA, and FMLA, her complaint "is shotgun at best, confusing and virtually impossible to respond to in a meaningful manner." (Doc. 9).

In response to Defendant's motion, Plaintiff filed an objection, a brief, and an amended complaint. (Docs. 16, 17, 18). In Plaintiff's Objection, she asserts that "Plaintiff intends to prove that there were communication between the three parties: Infirmary West, EEOC and USACW to extent the discrimination on my new job causing termination before EEOC informed me of my option to go to Court." (Doc. 17, p. 2). Plaintiff then sets forth various

2

factual allegations in support of her discrimination, COBRA and FMLA claims. Plaintiff also references 42 U.S.C. § 1985(2) and (3), and contends that "[a] private person acts under color of law and may be liable under Sec. 1983 for participation with a state or local government official for to violate a plaintiff's 14th Amendment rights. Infirmary West (private institution) and EEOC (government official) worked together violating my 14th Amendment ... EEOC investigation was unjust and in favor of the defendant. The 18th U.S.C. Sec. 241, 241 also apply to conspiracy to deprive individuals of constitutional rights and constitutional rights under color of law." (Doc. 17, p. 4).

In her Amended Complaint (Doc. 18), Plaintiff alleges that she was disciplined because of her race, that she was terminated because she took FLMA leave, and then sought to take vacation soon thereafter, and that Defendant violated her rights to continue her insurance through COBRA. Plaintiff also alleges that EEOC conducted an inadequate investigation and that following her termination by Defendant, she was hired by nonparty, USA Women and Children's Hospital, and was subjected to unfair treatment[1].

In Defendant's reply, Defendant observes that while it is not clear if Plaintiff had the right, as a matter of course, to file an amended complaint at the time that she filed her Amended Complaint

---

[1] While Plaintiff alleges improper conduct by EEOC and USA Children and Women's Hospital, neither is a party to this action. To the extent Plaintiff desires to assert claims against these entities, she must file a separate lawsuit as her claims regarding those entities are wholly separate and distinct from those she has asserted against Infirmary West.

in this action, Defendant does not object to Plaintiff being permitted to file her Amended Complaint. Defendant asserts that notwithstanding the Amended Complaint, Plaintiff has still failed to correct some of the deficiencies raised in Defendant's motion. According to Defendant, Plaintiff's claims alleging violations of 18 U.S.C. §§ 241 and 242 are improper because these are criminal statutes, which do not provide a private civil right of action, and her claims under the First, Fifth, and Fourteenth Amendments are not actionable because no state action is alleged. Defendant also asserts that to the extent Plaintiff is seeking to raise a conspiracy claim under 42 U.S.C. § 1985, she has failed to do so. Defendant contends that Plaintiff's Complaint fails to assert allegations supporting an "injury to any right she possesses," and also fails to allege that Defendant took any actions in connection with the EEOC investigation that it did not have the right to engage in. Defendant further contends that Plaintiff has not "alleged any facts which would support a finding the Defendant was acting as a agent of the [state or government.]" (Docs. 9, 20).

## II.   Discussion

### A. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course A) twenty-one days after serving it, or B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days afer service of a motion under Rule 12(b), (e) or (f), whichever is earlier. Fed.R.Civ.P. 15(a).   In

4

the instant case, Plaintiff's Complaint was filed on June 8, 2009, Defendant's Motion to Dismiss was filed on December 7, 2009, and Plaintiff's Amended Compliant was filed twenty-nine (29) days later, on January 5, 2010. Thus, at the time Plaintiff filed her Amended Complaint, she no longer had the right to amend her Complaint absent Defendant's consent, or permission from the Court. Fed.R.Civ.P. 15(a)(1)and (2).

Notwithstanding, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should not deny leave to amend "[u]nless there is a substantial reason." Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999). A motion to amend may however be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004)(citation omitted.). As noted supra, Defendant has stated that it does not object to Plaintiff being allowed to amend her Complaint as the Amended Complaint cures some of the deficiencies outlined in Defendant's Motion. Based upon a review of Plaintiff's Complaint, Amended Complaint, and the record, the undersigned finds that although Plaintiff did not seek leave before filing her Amended Complaint, good cause exists for allowing the amendment as it clarifies the basis for some of Plaintiff's claims. Accordingly,

the undersigned recommends that Plaintiff's Amended Complaint be allowed.

Turning next to Defendant's Motion to Dismiss, the undersigned observes that in considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. <u>Ashcroft v. Iqbal</u>, 556 U.S. --,129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw Plaintiff's inference." <u>Aldana v. Del Monte Fresh Produce, N.A., Inc</u>., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. <u>Id.</u>; <u>see also Iqbal</u>, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In <u>Iqbal</u>, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Court recognizes Plaintiff's *pro se* status and the fact that the allegations of a *pro se* complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972). However, Plaintiff's *pro se* status does not excuse her from compliance with applicable procedural rules, including the Rule 8 pleading requirement. See Local Rule 83.9(b)("All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F. 2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Additionally, the leniency afforded *pro se* litigants does not give the courts a license to serve as de facto counsel for such litigants. See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

**B. Defendant's Contentions**

In this case, Defendant contends that Plaintiff's claims alleging violations of 18 U.S. C. §§ 241 and 242 are improper because these are criminal statutes which do not provide a private civil right of action, and that her claims under the First, Fifth and Fourteenth Amendments are not actionable because no state action is alleged.  Under 18 U.S.C. § 241, individuals who conspire to "injure, oppress, threaten, or intimidate" another person's "free exercise or enjoyment of any right or privilege secured to him by the Constitution" shall be fined, or imprisoned, or both. In addition, under 18 U.S.C. § 242, any individual, who, while acting under color of any law, willfully deprives a person of his constitutional rights based upon that person's race shall be fined, or imprisoned, or both.  O'Berry v. State Attorney's Office, 241 Fed. Appx. 654, 657 (11th Cir. 2007)(quoting § 241 and 242).  See also Thibeaux v. United States Atty Gen., 275 Fed. Appx. 889, 892 (11th Cir. 2008).  Plaintiff may not force prosecutors to institute a criminal prosecution against Defendant pursuant to §§ 241 and 242. Nor do these statutes give rise to civil liability.  Because these statutes do not form a proper basis for Plaintiff's claims, Plaintiff's claims based on these statutes should therefore be dismissed. See Grant v. Parker, 2008 U.S. Dist. LEXIS 22181 (M.D. Fla. Mar. 29, 2008).

In Plaintiff's brief, she alleges a conspiracy under 1985(2)

and (3) between Defendant and EEOC; however, her Amended Complaint makes no mention of either a conspiracy nor 1985(2) and (3). *Assuming arguendo* that Plaintiff has asserted a conspiracy claim, the claim is due to be dismissed because she has failed to state a claim. 42 U.S.C. § 1985(2) has two parts. The first part of § 1985(2) prohibits, in relevant part, two or more persons from conspiring:

> to deter, by force, intimidation, or threat, any
> party or witness in any court of the United
> States from attending such court, or from
> testifying to any matter pending therein, freely,
> fully, and truthfully, or to injure such party or
> witness in his person or property on account of his
> having so attended or testified . . .

Id.  The second part of § 1985(2) prohibits two or more persons from conspiring:

> for the purpose of impeding, hindering,
> obstructing, or defeating, in any manner, the
> due course of justice in any State or Territory,
> with intent to deny to any citizen the equal
> protection of the laws, or to injure him or his
> property for lawfully enforcing, or attempting to
> enforce, the right of any person or class of persons,
> to the equal protection of the laws . . .

Id.

A conspiracy to interfere with civil rights is actionable under 42 U.S.C. § 1985 (3) where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or equal privileges and immunities under the laws . . . ." 42 U.S.C. §

9

1985(3). In order to state a cognizable § 1985(3) conspiracy claim, a plaintiff must plead four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly in directly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002).

42 U.S.C. § 1985(2), (3).

The principal elements of conspiracy are an "agreement between parties to inflict a wrong against or injury upon another, and an overt act that results in that damage." Northrup v. Conseco Fin. Corp., 141 F. Supp. 2d 1372, 1375 (M.D. Ga. 2001). The Eleventh Circuit requires a heightened pleading standard in conspiracy cases because a defendant must be informed of the nature of the conspiracy alleged. Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). "It is not enough to simply aver in the complaint that a conspiracy existed." Id. Thus, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint. Id.

As noted supra, Plaintiff's Amended Complaint does not allege a conspiracy, nor does it reference § 1985(2) or (3). While Plaintiff references these provisions in her brief, her conspiracy allegations are not sufficient even if they had been included in her Amended Complaint. First of all, § 1985(2) requires the existence

of a federal legal proceeding; however, Plaintiff has not alleged that Defendant conspired against her in connection with a federal legal proceeding.  Thus, she has failed to make out a claim under § 1985(2). Foster v. Pall Aeropower Corp., 111 F. Supp. 2d 1320, 1323 (M.D. Fla. 2000) (Section 1985(2) does not afford protection against conspiracies to obstruct justice in administrative proceedings, even obstructions occurring in federal agencies such as the Office of the Comptroller of the Currency (OCC) and the Equal Employment Opportunity Commission (EEOC)). Moreover, Plaintiff has failed to state a claim under § 1985(3) because her conclusory allegation that Defendant and EEOC worked together to violate her rights under the Fourteenth Amendment does not sufficiently describe the nature of the alleged conspiracy.  Such conclosory, vague allegations are simply not sufficient to state a conspiracy claim under § 1985. Fullman, 739 F.2d at 557; Shell v. United States HUD, 2009 U.S. App. Lexis 26226 (11th Cir. Dec. 2, 2009)(bare assertions that a conspiracy occurred is not sufficient to state a claim).

Plaintiff's claims alleging violations of the First, Fifth and Fourteenth Amendments must likewise fail.  The First Amendment prohibits governmental, not private, infringement of free speech. Hudgens v. NLRB, 424 U.S. 507, 513, 96 S. Ct. 1029, 47 L.Ed. 2d 196 (1976). "The Fifth Amendment of the United States Constitution restrains the federal government, and the Fourteenth Amendment, Section 1, restrains the states from depriving any person of life,

11

liberty, or property without the due process of law." <u>Buxton v. Plant City</u>, 871 F.2d 1037, 1041 (11th Cir. 1989).  The Eleventh Circuit has utilized three tests for establishing whether the actions of a private entity are attributable to the state: the public function test, the state compulsion test, and the nexus/joint action test. <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1277 (11th Cir. 2003)(citing <u>Willis v. Univ. Health Servs., Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993)). The public function test is satisfied when private actors perform a function that is "'traditionally the exclusive prerogative of the state.'" <u>Id.</u> (citation omitted). The state compulsion test limits state action to instances when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional. <u>Id.</u> The nexus/joint action test is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action. <u>Id.</u>

In Plaintiff's Amended Complaint, Plaintiff has not alleged that Infirmary West is a government agency, and there is nothing in the record to suggest such.  Moreover, Plaintiff has not alleged any facts that would  establish state action by Infirmary West under any of the three tests used by this Circuit.  Accordingly, even accepting all of Plaintiff's allegations as true, she has failed to allege a set of facts upon which relief can be granted because she has not demonstrated how any deprivation of an alleged

constitutional right constituted "state action."  Thus, her claims under the First, Fifth, and Fourteenth Amendments are due to be dismissed.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that Plaintiff's Amended Complaint be allowed, that Defendant's Motion to Dismiss be granted in part, and denied in part, and that Plaintiff's claims alleging violations under Title 18 U.S.C. §§ 241 and 242, Title 42 U.S.C. § 1985(2) and (3), and the First, Fifth, and Fourteenth Amendments be dismissed.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **11th** day of **February, 2010.**

                                              **/s/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**