# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Janice C. Burrell,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. 1:09-325-KD-B |
| | ) |
| **Infirmary West,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on Plaintiff's "Reply to Order" (Doc. 100). Having considered the document, the Court construes it as a motion to reconsider, pursuant to Fed. R. Civ. P. 60(b), the order and judgment entered February 15, 2011 (Docs. 98, 99) granting summary judgment for the Defendant on all claims and dismissing this case with prejudice. Plaintiff also disagrees with the Court's decision to grant Defendant's motion to strike Plaintiff's "Expect Testimony" (Doc. 93 at 2).

"Relief is available under Rule 60(b)(1) [of the Federal Rules of Civil Procedure] for mistakes of law or its application." Johnson v. Law Offices of Marshall C. Watson, PA, 348 Fed. Appx. 447, 448 (11th Cir. 2009) (citing Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982)). However, the decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transp., 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling

1

law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). It may not be used to bring new arguments or to submit evidence which was previously available but not properly presented. Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997). Also, "[i]t is well established in this circuit that additional facts and arguments that should have been raised in the first instance are not appropriate grounds" and that "a motion to reconsider should not be used by the parties to set forth new theories of law." Gougler, 370 F. Supp. 2d at 1189 (internal quotation marks omitted). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgement was issued." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotation marks omitted). See also, e.g., Bell v. Integrated Health Servs., Inc., Civil Action No. 06-0356-WS-M, 2007 WL 274364, at *3 (S.D. Ala. Jan. 30, 2007). Finally, "'a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.'" King v. Farris, 357 Fed. Appx. 223, 225 (11th Cir. 2009) (quoting Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007)).

The arguments and evidence submitted by Plaintiff in support of her motion to reconsider are substantially similar to those previously submitted by her in opposition to Defendant's Motion for Summary Judgment (Doc. 81) and Motion to Strike (Doc. 91). The Court has already given adequate consideration to the facts and issues presented. To the extent Plaintiff puts forth new legal arguments and theories concerning her claims of racial discrimination and denial of COBRA benefits, these could and should have been raised before final judgment was issued. The issue of timeliness notwithstanding, the Court finds none of Plaintiff's arguments sufficiently compelling to

reconsider its judgment.

For the reasons stated above, Plaintiff has neither identified nor articulated grounds meriting reconsideration in this case. Accordingly, Plaintiff's motion to reconsider (Doc. 100) is **DENIED**.

**DONE** and **ORDERED** this the **6th** day of **April, 2011**.

       s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**